win at HOVIC from July, 1976 to November, 1981, cannot be said to be of such a lengthy period as to unquestionably attribute such awareness to him. That must be left for a jury to decide.

Therefore, even with all the other elements of the borrowed employee doctrine established without material factual dispute, we hark to the language cited earlier from Larsen, that the employee must give his knowing and informed consent before that doctrine can be invoked against him in a workmen's compensation setting.

To this Court, informed acquiescence is the *sine qua non* among the factors which must be present for application of the borrowed employee doctrine against Vanterpool. Since that issue is a material fact in dispute, we cannot at this stage invoke it either against Vanterpool or in favor of HOVIC.

### CONCLUSION

We find that the borrowed employee doctrine does apply in the Virgin Islands. However, because a material fact is in dispute in this case, the matter will be left for jury determination. The motion for summary judgment will be denied.

**Margaret Suzanne STARNES, Plaintiff,**

v.

**Charles Vernon HILL, Ralph Eugene Miller, James Michael Neff, Paul Douglas Scalf, Johnny Wayne Wagner, Charles L. Waldrep, and Gaston County, North Carolina, Defendants.**

No. C–C–83–53–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 7, 1984.

George Daly, Charlotte, N.C., Nicholas Street, Gastonia, N.C., for plaintiff.

Frank B. Aycock, III, Nelson M. Casstevens, Frank E. Emory, Jr., Charlotte, N.C., Grady B. Stott and Jeffrey M. Trepel, Gastonia, N.C., Wayne Huckel, Charlotte, N.C., James C. Fuller, Jr., Raleigh, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on petition by the Plaintiff's attorneys for attorneys fees.

The case is an action under 42 U.S.C. § 1983 which was settled before trial by the Defendants' agreement to pay the sum of $35,000 to the Plaintiff, plus attorney's fees, costs, and expenses. The award of attorney's fees is pursuant to 42 U.S.C. § 1988. The award of costs and expenses is pursuant to 28 U.S.C. § 1920 and Fed.R. Civ.P. 54(d).

Section 42 U.S.C. § 1988 provides in part "... In any proceeding to enforce a provision of 42 U.S.C. § 1981–83 ... the Court in its discretion may allow the prevailing party ... a *reasonable* attorney's fee as part of the costs."

The Plaintiff's attorneys are seeking a fee of $40,636.04 plus costs and expenses of $5,683.52.

The Court wants to say at the outset that this unseemly matter should never have had to come to this point. The Plaintiff's attorneys and the Defendants' attorneys have both displayed a most unreasonable position. By weight, it appears the petitions, memoranda and affidavits filed in this matter exceed the paper filed in the case in chief. This is exactly the sort of conduct and unreasonable attitude which

has resulted in the lowering of the esteem in which the legal profession was held at one time in the distant past.

■ The Court further wants to make it very clear that what one judge has allowed an attorney in another case carries little weight in this Court. Each award depends on the facts and circumstances peculiar to the individual case. It is the responsibility of the individual judge to make an initial estimate of a reasonable fee by multiplying the number of hours *reasonably* expended in the litigation by a *reasonable·* hourly rate. *Blum v. Stenson,* —— U.S. ——, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). This Court will further consider the work done, the results obtained, and the other pertinent factors which are listed in the leading case of *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), cited with approval by the Fourth Circuit in *Anderson v. Morris,* 658 F.2d 246 (4th Cir. 1981).

First, as to the time and labor required.

The time required in this case, according to the affidavits filed by the attorneys for the Plaintiff indicate 188.1 hours for Mr. Daly and 220.7 hours for Mr. Street with Mr. Daly billing at $120.00 per hour and Mr. Street billing at $80.00 per hour for a total of $40,228.00, (excluding Mr. Layton's time).

The Plaintiff recovered $35,000.00 in damages from the Defendants which Mr. Daly emphasizes is an excellent result. Obviously, if he considers this to be an excellent settlement, he must have known when he made the demand of $200,000.00 in January of 1983 that it was an unreasonable demand and in all likelihood would have been refused. By the same token, the attorney for the Defendants, Mr. Aycock, admitted in oral argument of this matter that he felt all along that this was a case which would result in a payment by Defendants, and yet he offered only $10,-000.00. Mr. Aycock now states in his letter of May 24th to the Court: "At the time of our offer of $10,000.00 she had no known special damages at all, or at least none were asserted in her demand letter which is

part of your file." However, according to Mr. Aycock's and Mr. Huckel's "Response to Petition for Attorney's Fees" filed in this Court on April 5, 1984, "Before Defendants were tried in the criminal court, Mr. Street wrote Sheriff Waldrep a letter on July 22, 1982, offering to accept a grand total of $60,000.00 for all losses, damages, costs, and *attorney's fees.*"

After the Plaintiff testified in the criminal trial, Mr. Aycock's Response stated: "On November 19, 1982 after the defendants had been acquitted, Mr. Aycock offered Mr. Street a settlement of $10,000.00 by telephone. Mr. Aycock does not know how much higher the liability carrier would have gone, *but there is no reason to suppose a higher offer would have been impossible to obtain.*" (Emphasis added). This indicates to the Court that defense counsel was remiss in not making a reasonable counter offer thus saving his clients not only his own fees, but the burden of paying the fees to be awarded to Plaintiff's counsel. Mr. Aycock, like Mr. Daly, is no novice in this field. Both attorneys are experienced, and are known by the bar to be very competent in this area of the law, Mr. Daly for the Plaintiff and Mr. Aycock for the defense. Both, therefore, owed a duty to the public, the Bar, and to their clients to assess the value of the case in a realistic manner and to attempt to settle the claim on a reasonable basis. The Court concludes that when Mr. Daly made the offer to accept $200,000 he was not interested in settling the matter which he eventually did settle for the far lesser sum of $35,000.00, which he concludes was an "excellent result", after building up thousands of dollars in attorney's fees. Mr. Aycock also made no attempt apparently to make sincere efforts to settle until the case was "on the calendar", when, by his own statement, he admits "there is no reason to suppose a higher offer would have been impossible to obtain" from his insurance carrier.

■ Obviously the Court has to consider both attorneys' obstinant actions in this matter when applying the usually con-

sidered factors in arriving at a reasonable attorney's fees.

Now, as to the other factors in *Johnson v. Georgia Highway Express, supra:*

(a) *The novelty and difficulty of the questions.*

This is not a novel or difficult case.

(b) *Skill requisite to perform the legal services properly.*

Mr. Daly demonstrated his usual skill in this type of case.

(c) *Preclusion of other employment by the attorney due to acceptance of the case.*

If anything, this case, as with all of Mr. Daly's cases of this type, increased his chances of other employment.

(d) *The customary fee.* Mr. Daly's request and Mr. Street's request are unreasonable with respect to their hourly rate and will be adjusted to a reasonable rate as set out hereinafter.

(e) *Whether the fee is fixed or contingent.*

Since the fees awarded will exceed the 25% contingency fee, this factor has no effect.

(f) *Time limitations imposed by the client or the circumstances.*

Not applicable.

(g) *The amount involved and the results obtained.*

The amount and results were most satisfactory especially in view of the Plaintiff's injuries being limited to emotional and mental distress.

(h) *The experience, reputation, and ability of the attorneys.*

Mr. Daly is an experienced attorney in Section 1983 actions. Mr. Street has been practicing since 1972 and has a general trial practice. Mr. Layton's experience is not set out.

(i) *The undesirability of the case.*

This type of case may have been undesirable in 1974 when *Johnson v. Georgia Highway Express, Inc., supra,* was decided, but is more or less routine now and not in the Court's opinion "undesirable."

(j) *Nature and length of the professional relationship.*

Mr. Street apparently had a previous professional or personal relationship with the Plaintiff; Mr. Daly apparently had not. In any event, it would seem to be of no consequence in this case.

(k) *Awards in similar cases.*

Although these awards may be some guide to the Court, each case, whether it was tried and other factors carry a great deal more weight than what was awarded in another case with which the Court is not familiar.

We return to the basic question of the number of hours the attorneys for the Plaintiff have asked to be compensated for and the rates per hour.

■ To begin with, the Court is going to disallow any fees for Mr. Layton because the hours represent duplication of effort and improper utilization of time. *See,* 488 F.2d at 717. Mr. Layton did not participate in any discovery or investigative work, he did not argue any motions, he did not draft any legal documents. In fact, the Court would not have known he was an attorney in this case if it had not been for the motion for attorney's fees. Further, the Court has no basis to judge his legal experience or ability as he never filed an affidavit of experience. To allow him $80.00 an hour for 20.2 hours would in effect be paying his law firm $160.00 an hour for what were apparently only discussions between Mr. Street and Mr. Layton about matters unknown. (Mr. Layton's requested fee was for $408.04 for 20.2 hours at $80.00 per hour. This was either a mathematical error or an intentional reduction. In either event, it is disallowed.)

Now, turning to Mr. Daly's petition. First, as to the rate per hour. The attorneys in this type of action have become accustomed to, as Mr. Aycock's Response notes, "scratching each other's backs;" *i.e.,* it appears that everytime the Court is called upon to rule on a petition for attorney's fees the petitioner will call upon those members of the bar who work in this

area to furnish affidavits stating what that attorney would charge per hour for this type of case. The attorneys always seem to increase the fees with each affidavit, all out of proportion to the rate of inflation, resulting in a never ending escalation of attorney's fees.

■ Based upon the affidavits submitted by the parties, legal fees now range from a low of $75.00 per hour to a high (the highest) of $150.00 per hour for *in-court* work. This case did *not* involve any "in-court" work. Having come on the bench approximately 2½ years ago when the highest range of fees in this locale were approximately $75.00 per hour, I find it difficult to determine that a fee of $90.00 per hour is not the top figure which would be considered a reasonable fee for out-of-court work in this area for an attorney of Mr. Daly's competence. It is significant that most of the hours for which Mr. Daly is claiming compensation were in 1982 and 1983, whereas the affidavits he has filed are based on 1984 hourly rates. The fact that it is a Section 1983 case, and the fact that a fee greater than this may have been allowed in other cases by another judge, particularly cases which were tried in court does not justify payment of more than $90.00 per hour for this case. The expertise required in this type of case is certainly no greater than that required in tax cases, security laws cases, complex corporate litigation, or cases involving engineering and so forth.

As to Mr. Street's claims, his requested rates are also somewhat out of line. Mr. Street practices in Gastonia which is a smaller town than Charlotte, and the attorneys there do not charge the same rates as the attorneys in Charlotte as shown by affidavits filed by Mr. Street. A fee of $70.00 per hour would be a reasonable fee for Mr. Street in a field which he admits he is not an expert and for that reason called in Mr. Daly.

Now as to the number of hours spent by each attorney.

As to Mr. Daly, he claims 188.1 hours.

■ Mr. Daly claims approximately 2 hours for drawing a contract for his fee. He claims approximately 70 hours for depositions, some of which was time spent scheduling or rescheduling depositions—secretarial or paralegal work. Simply because an attorney does work which can be accomplished by nonlawyers does not enhance the dollar value of the work done. 488 F.2d at 717.

■ The Court recognizes that Mr. Daly could not accept the unsworn statements which were written by the Defendants shortly after the incident leading to this action, and that he needed to depose the Defendants and some of the witnesses for purposes of assessing their credibility and for impeachment purposes. The Court cannot determine, therefore, that the depositions were not prudent on the part of Plaintiff's attorney.

■ Mr. Daly has included in his petition 1.2 hours spent in preparing his fee contract with the Plaintiff, which the Court finds was in his interest rather than in the preparation of the case for trial or settlement and certainly did not contribute to the result. Mr. Daly has further included a total of 24.6 hours for matters relating to his motion for attorney's fees. Similarly Mr. Street has requested 10.3 hours for the same matter. The Court recognizes that an attorney's fee award under Section 1988 properly includes time spent in defending the entitlement to the award. *Hymes v. Harnett County Board of Education*, 664 F.2d 410, 413 (4th Cir.1982). The hours expended, however, must be reasonable. The Court finds that expending a total of 34.9 hours to request attorney's fees is *totally unreasonable* in this case. There was not any question in this motion of whether the attorneys were entitled to a fee. The only issue with respect to the motion was what amount is reasonable. This is a question directed to the discretion of the Court in light of well-established legal precedents. This Court, as the attorneys know, has been involved in this litigation since its inception and was thoroughly familiar with the facts giving rise to the

litigation and the respective attorneys' involvement. The Court is, therefore, of the opinion that a total of five hours, consisting of three hours for Mr. Daly who prepared the memorandum and two hours for Mr. Street, is a totally reasonable allotment in which to prepare the affidavits, file supporting memorandum and argue the right to the amount requested.

Accordingly, the Court is of the opinion that, as all hours expended were not reasonable or did not contribute to the results in this litigation, Mr. Daly's hours should be reduced by 22.8 hours, leaving 165.3 hours of time reasonably expended in this litigation.

■ Now, turning to Mr. Street. Mr. Street is undoubtedly a fine young attorney who had the good sense when he was employed in this case to ask Mr. Daly, an expert in the field, to assist him, and the Court has no intention of penalizing him for having sought the assistance of an attorney who is proficient in the area of law involved in this case. If anything, the Court will give him credit for taking a course of action which is commendable. There are too many attorneys now who "get in over their head" in the many specialized fields of law which have developed in the last score of years, and no single attorney can be proficient in all of those fields.

However, like Mr. Daly, Mr. Street has charged for hours that do not warrant payment by the Defendants. The time sheets show hours which are duplicative of Mr. Daly's time, represent improper utilization of time, and represent work which should have been performed to some extent by secretaries or paralegals, such as 107.4 hours of client conversations. The Court finds the following hours, not including the hours spent on the motion for attorney's fees discussed above, were not reasonably expended in this litigation nor contributed to the result in the case:

(1) The Plaintiff's attorney, Mr. Street has charged approximately 107.4 hours under the categories of

(a) Conference with client and family.

(b) File review and telephone conversations with client's family.

(c) Telephone conversation with family.

(d) Conference with client.

(e) Some variation of the above.

Ten hours of conferences with the client or her family would be a most generous allowance at $70.00 per hour. The Court doubts that Mr. Street would have the gall to bill the Plaintiff, a family friend, for the 107.4 hours in conversations:

(2) The Court counts 84 different instances of "File Review" on different days and in some instances on consecutive days. Most of these had to do with "Conversation with Client" or with "Client's Family".

(3) Mr. Street has charged approximately 47 hours for depositions and preparation for depositions. Since Mr. Daly was handling most of this, the Court will only allow 25 hours of charges for depositions.

(4) Mr. Street has charged 1.5 hours for "File Review and conversations with staff about time". This is disallowed.

(5) Telephone conversation with Press—1.1 hours—disallowed.

To sum up, the following number of hours for Mr. Street are disallowed:

| | | |
|---|---|---:|
| (a) | Conference with client or client's family. | 97.4 |
| (b) | Depositions. | 22.0 |
| (c) | Conversation with staff. | 1.5 |
| (d) | Conversation with Press. | 1.1 |
| (e) | Preparation of motion for fee (previously discussed). | 8.2 |
| | TOTAL DISALLOWED ............................. | 130.2 |

| | | |
|---|---|---:|
| Mr. Street's Calculation of Hours Billed | | 220.7 |
| | Disallowed | 130.2 |
| | Allowed | 90.5 |

As to expenses, the Plaintiff's attorneys have requested $5,683.52 for expenses. Normally costs are assessed by the Court only after a party has been successful *at the trial.* The parties, however, agreed in the settlement that the "Plaintiff is the prevailing party in this litigation on her claim and is entitled to ... expenses" and the Court signed a Consent Order to the same effect. Therefore, the Court will determine the expense request under the same standards utilized if the case actually was tried, and award expenses pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d).

This Court does not allow expenses for investigative charges, telephone charges, copying charges, postage charges, or travel charges unless incurred by a witness because, if the attorneys are adequately compensated, those expenses are absorbed in the overhead and compensated for by the reasonable fee. The expenses requested in this motion were for attorney travel and not for a witness and therefore they will not be allowed. This Court does allow expenses for expert fees or depositions if used at the trial. The physicians seen by the Plaintiff were not seen for personal treatment but instead in anticipation of their testimony at the trial. Similarly, one of the major reasons for the depositions was to possibly impeach the witnesses at trial. The Court is, therefore, of the opinion that it is fair to assess the fees for the physicians and the deposition costs because had the case not been settled in all likelihood the depositions would have been introduced and the physicians would have testified at the trial.

In summary, the following expenses are disallowed:

| | |
|---|---:|
| Travel Charges | $165.60 |
| Investigative Charge | 78.61 |
| Long Distance Telephone Charges | 82.54 |
| Postage Charges | 55.01 |
| Copying Charge | 351.08 |
| Mileage | 54.00 |
| Photocopies | 79.90 |
| Long Distance Telephone Charges | 52.67 |
| Out-of-Pocket Expenses for Legal Research | 512.00 |
| Other | 6.56 |
| TOTAL............ | $1,437.97 |

| | |
|---|---:|
| Total Charges | $5,683.52 |
| Less | 1,437.97 |
| Total Costs Allowed | $4,245.55 |

Included in "total charges" was a supplemental Petition for additional expenses denominated "Supplemental Petition $212.68 (Daly) $4.77 (Street) ($217.45)." As these expenses all fall within the categories enumerated above, the Court will disallow them. Therefore, deducting $217.45 from $4,245.55, the Plaintiff is entitled to $4,028.10 for costs and expenses.

This matter is to the Court an example of the type of abuses which have resulted in many of the laws passed by Congress which should not have been necessary if those to whom the laws were directed had acted reasonably.

The discrimination which has existed in this country, and still does to some extent, resulted in the revitalization of the Civil

Rights Acts and the billions of dollars in costs stemming from litigation in that field.

The overzealous labor unions have resulted in labor laws restricting the power of unions.

The unfettered fraud in the Securities Markets resulted in the Securities Act.

The excessive costs in the health industry will eventually result in mandatory controls on hospitals and physicians.

These are just a few of the instances where abuses have resulted and will result in government controls in so many facets of our lives.

The public perception of lawyers now is that those who practice law are gouging the public.

The fees requested here are a small example of an attempt to overcharge, and if fees are not checked by the courts, it will be eventually controlled by Congress. This Court does not want to see regulation of legal fees by politicians.

This case presents on its face egregious conduct on the part of law enforcement officers—so egregious that it does not require forty thousand dollars in attorney's fees to redress the wrong done, if the facts were as claimed by the Plaintiff.

The costs which have resulted from this litigation are all out of proportion to the factual situation involved, even with the reductions made by the Court.

A fee for each attorney is calculated as follows:

George Daly 165.3 hours × \$90.00 = \$14,877.00
Nicholas Street 90.5 hours × \$70.00 = \$ 6,335.00

As stated above, costs will be allowed in the amount of \$4,028.10.

The fees of some twenty one thousand dollars are over 50% of the recovery obtained by the Plaintiff. The Plaintiff, however, contracted with counsel to pay her attorney 25% of the recovery and an attorney fee award. To award the attorneys a fee totally reasonable for their services *and* an extra 25% kicker would operate to provide a windfall recovery to a successful attorney. Section 1988 was passed to enable the litigant to obtain an attorney and not to provide attorneys with windfall or excessive attorney's fees. The Court has the inherent power to revise client contracts to avoid such an extreme result. *Wheatley v. Ford*, 679 F.2d 1037, 1041 (2d Cir.1982). Pursuant to this authority, the Court is of the opinion that counsels' claim for services rendered under their contingency fee contract with the Plaintiff shall be deemed paid and satisfied by the Section 1988 attorney fee award in this case.

IT IS, THEREFORE, ORDERED that the Defendants pay to counsel for the Plaintiff the following sums:

| | |
|---|---|
| Mr. George Daly | \$14,877.00 |
| Mr. Nicholas Street | \$ 6,335.00 |
| Costs and Expenses | \$ 4,028.10 |

IT IS FURTHER ORDERED that the Plaintiff's contingency contract with her attorneys is deemed paid and satisfied.