**Margaret Suzanne STARNES**

**v.**

**Charles Vernon HILL, Ralph Eugene Miller, James Michael Neff, Paul Douglas Scalf, Johnny Wayne Wagner, Charles L. Waldrep, and Gaston County, North Carolina.**

**No. C–C–83–0053–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

May 22, 1986.

George Daly, Charlotte, N.C., Nicholas Street, Layton & Street, Gastonia, N.C., for plaintiff.

Frank B. Aycock, III, Nelson M. Casstevens, Frank E. Emory, Jr., Charlotte, N.C., Grady B. Stott, Stott, Hollowell, Palmer, & Windham, Gastonia, N.C., Wayne Huckel, Kennedy, Covington, Lobdell, & Hickman, Charlotte, N.C., James C. Fuller, Jr., Thorp, Fuller & Slifkin, Raleigh, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on remand from the Fourth Circuit Court of Appeals 790 F.2d 1071 (4th Cir.1986) instructing this Court to "grant compensation for expenses reasonably incurred by the attorneys preparing the case." The Court of Appeals further stated on page 1080:

.... The hourly rate at which compensation is awarded should reflect rates in effect at the time the fee is being established by the Court, rather than those in effect at the time the services were performed.

Here the district court awarded fees on the basis of historic rates without accounting in any way for the effect of delay in payment on the value of the fee.... On remand the Court should reconsider the reasonableness of the rates in light of these considerations. The Court may increase the hourly rates to reflect current market rates, or it may increase the lodestar to counterbalance the effect of inflation on the value of the fee. The particular method of accounting for delay in payment is within the discretion of the district court.

The Court, in summarizing its opinion, stated:

In this case, the district court erred in calculating the fee based upon historic rates without accounting for the effect of delay in payment on the value of the fee, and in disallowing reasonable litigation expenses. In all other respects, we find the award to be a proper exercise of the court's discretion.

Footnote 20 required this Court as discussed in Footnote 15 to consider whether the case precluded Daly and Street from taking other employment due to the time commitment required. The Court of Appeals stated in Footnote 15 that "... [i]f the court finds that the case has precluded the attorneys from engaging in other employment, the court should consider whether this factor is already reflected in the hourly rate or whether it necessitates an upward adjustment of the hourly rate to fully compensate the attorneys." *Id.* at 1081–1082 n. 15.

■ This Court's Order, 589 F.Supp. 341, was in all other respects affirmed. Turning first to the hourly rate, this Court respectfully disagrees with the interpretation of the Court of Appeals of this Court's Order as to the hourly rate allowed Plaintiff's counsel. As was pointed out in the dissenting judge's opinion, page 1086, this Court stated at page 345 of its Order:

Based upon the affidavits submitted by the parties, legal fees *now* [emphasis added] ranges from a low of $75.00 per hour to a high [the highest] of $150.00 per hour for *in-court* work. This case did *not* involve any "in court" work. Having come to the bench approximately 2½ years ago when the highest range of fees in this locale were approximately $75.00 per hour, I find it difficult to determine that a fee of $90.00 per hour is not the highest figure which would be considered a reasonable fee for *out-of-court work* [emphasis added] in this area for an attorney of Mr. Daly's competence. It is significant that most of the

hours for which Mr. Daly is claiming compensation were in 1982 and 1983, whereas the affidavits he has filed are based on 1984 hourly rates.

Perhaps the phrase "... whereas the affidavits he has filed are based on 1984 hourly rates ..." misled the appellate Court since the dictionary definition of "whereas" is "while on the contrary." Be that as it may, this Court meant by that phrase that the fees when Mr. Daly's services were performed in 1982 and 1983 were somewhere close to the December 1981 fees (when I came on the bench) of $75.00 per hour, and he was given the benefit of the additional $15.00 an hour for the 1984 assessment of his fee, a 20% increase over the going rate in late 1981 and early 1982.

The *North Carolina Bar Association Economic Survey* 1985 on page 18 indicates that the typical hourly rate in 1984 is $86.00 for a lawyer admitted to the bar in 1963/1967 and practicing in a law firm of from 1 to 4 members in a city of over 100,000. The survey further indicates the statewide average mean is $84 and the median is $80 per hour with apparently the low being $70 an hour and the high $95 per hour. Mr. Daly, according to Martindale-Hubble, 1985 edition, is a sole practitioner who was admitted to the California Bar in 1966 and the North Carolina Bar in 1969. Charlotte is a city of over 100,000. The Court believes that the hourly rate allowed Mr. Daly for *out-of-court work* based on 1984 rates was indeed a reasonable attorney's fee, as it was intended to be.

■ Now, turning to Mr. Street's claim, the Court notes that Mr. Street practices in Gastonia, a city of approximately 47,000 persons. Mr. Street was admitted to the North Carolina Bar in 1972 and is a member of a two-man firm. Again, the North Carolina Bar Association Economic Survey 1985 indicates that the typical hourly rate for a lawyer who was admitted to the Bar in 1968/1972 and who is a member of a 1 to 4-man firm in a city of 35,000 to 50,000 is $67.00 an hour, that the statewide average mean, $79.00, and that the median is $75.00

per hour. The Court felt that in view of Mr. Street's secondary role in this case, with Mr. Daly being the lead attorney, a $70.00 an hour fee was most reasonable in 1984, and still feels that way.

The Court of Appeals on pages 1081 and 1082:

The Court then declined to increase the lodestar fee to account for the excellent results obtained. The result in this case, a $35,000 damages award for emotional harm, is certainly quite good, as the district court acknowledged. However, a prevailing attorney is not entitled to an upward adjustment of the lodestar fee simply because he or she did a good job.

The words "for the excellent results obtained" are those of the Court of Appeals, not this Court. This Court did say on page 5 of its Order, paragraph (g): "The amount and results were most satisfactory...." However, this Court further stated on page 343 of its Order:

The Court concludes that when Mr. Daly made the offer to accept $200,000 he was not interested in settling the matter which he eventually did settle for the far lesser sum of $35,000.00, which *he* [emphasis added] concludes was an "excellent result", after building up thousands of dollars in attorney's fees....

Obviously the Court has to consider both attorneys' obstinate actions when applying the usually considered factors in arriving at a reasonable attorney's fee.

Thus, the Court factored into its determination of the fee, Plaintiff's counsel's being completely unreasonable in their initial demand, when the Court considered the other factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).

This Court did not accept as gospel (as to what it should allow Plaintiff's attorney) the affidavits filed by Mr. Daly and Martin Brackett, et al., or by Mr. Street and his affidavits but relied on the Court's knowledge of the case, what was involved, the lack of complexity, and the fees charged in this locality in these and other matters. As stated at page 343 of this Court's Order:

The Court wants to make it very clear that what one judge has allowed an attorney in another case carries little weight in this Court. Each award depends on the facts and circumstances peculiar to the individual case. It is the responsibility of the individual judge to make an initial estimate of a reasonable fee by multiplying the number of hours *reasonably* expended in the litigation by a *reasonable* hourly rate.

This the Court feels it has done.

Therefore, unless directed by the Fourth Circuit Court of Appeals to increase the hourly rate, the Court will not disturb the hourly rate of Mr. Daly of $90.00 ·per hour in 1984 for out-of-court work in 1982–1983, nor that of Mr. Street of $70.00 an hour in 1984 for out-of-court work in 1982–1983, which the Court determined in its discretion to be reasonable in 1984 for the Plaintiff's attorneys' services in this case.

Turning next to the litigation expenses, the Court disallowed the following expenses:

| | |
|---|---|
| Travel Charges | $165.60 |
| Investigative Charge | 78.61 |
| Long Distance Telephone Charge | 82.54 |
| Postage Charges | 55.01 |
| Copy Charge | 351.08 |
| Mileage | 54.00 |
| Photocopies | 79.90 |
| Long Distance Telephone Charges | 52.67 |
| Out-of-Pocket Expenses for Legal Research | 512.00 |
| Other | 6.56 |
| TOTAL | $1,437.97 |

The Court of Appeals directed this Court to order compensation for reasonable litigation expenses.

In order to determine if the disallowed expenses were reasonable the Court will need to have more information concerning the disallowed charges as follows:

| | |
|---|---|
| Travel Charge | $165.60 |
| Who travelled? | |
| From where to where? | |
| When? | |
| Purpose? | |
| Method? | |
| Mileage? | |

| | |
|---|---|
| What if anything is charged for other than mileage and amount of charge? | |
| Investigative Charge | $ 78.61 |
| Who made the investigation? | |
| To whom was payment made? | |
| When was the investigation? | |
| What was the purpose of the investigation? | |
| To whom did the investigator talk? | |
| What if any documents were procured as a result of the investigation? | |
| Long Distance Telephone Charges | 135.21 |
| When was the call made? | |
| From what place to what place? | |
| By whom and to whom was the call made? | |
| Purpose of call? | |
| Charge for each such call? | |
| Postage Charges | 55.01 |
| What does this consist of? | |
| (At 20¢ per ounce this would be 275 pieces, but obviously this charge could consist of parcels of more than one ounce each.) | |
| Copying Charges | 351.08 |
| Photocopies | 79.90 |
| | 430.98 |
| What was copied at a cost of $430.98? | |
| When was it copied? | |
| How much was charged per page? | |
| To whom was the charge paid? | |
| What was the purpose of the copying? | |
| Out-of-Pocket Expenses for Legal Research | 512.00 |
| What was the "out-of-pocket expense"? | |
| What was the purpose? | |
| To whom was the expense paid? | |
| When was it paid? | |
| Other | 6.56 |
| Other what? | |

When these questions are answered by Mr. Daly and Mr. Street, the Court will reconsider their request. As to the appellate court's concern in Note 15 of its opinion as to whether this case has precluded the attorneys from engaging in other employment, the Court has considered this factor and notes that loss of other employment is already reflected in the hourly rate allowed. Therefore, an upward adjustment is unnecessary, since this Court is of the opinion that $90.00 an hour is adequate for

Mr. Daly and $70.00 an hour is adequate for Mr. Street. In other words, the attorneys have been adequately compensated for the available working hours.

NOW, THEREFORE, IT IS ORDERED:

(1) The Court having considered the fees allowed the attorneys for the Plaintiff, in its discretion, reaffirms its allowance of $90.00 an hour to Mr. Daly and $70.00 an hour to Mr. Street as representative of the proper hourly rate on June 7, 1984 when the Order was filed.

(2) The Plaintiff's attorneys are directed to file within twenty (20) days from the filing of this Order a response to the Court's questions as to the "litigation expenses."

(3) The Court, in its discretion, reaffirms its position that the attorneys for the Plaintiff at the rates allowed will be adequately compensated for any time they would have been able to spend on another matter if they had not been involved in this case.