**AD, a minor, By and Through his parents, SD and JD, and on their own behalf, Plaintiffs,**

v.

**The BOARD OF PUBLIC EDUCATION OF THE CITY OF ASHEVILLE a/k/a Asheville City Schools, Defendant.**

**No. Civ.1:99CV87.**

United States District Court, W.D. North Carolina, Asheville Division.

Oct. 6, 1999.

Paul Lawrence Erickson, Asheville, NC, for plaintiffs.

Cynthia S. Lopez, Sarah M. Washburn, Asheville, NC, for defendant.

### MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on Plaintiffs' motion for summary judgment

seeking attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(B) (1997). Defendant does not contest that Plaintiffs are eligible to receive attorney's fees, but objects to the amount sought. Both parties agree this matter is ripe for summary judgment and have waived their rights to a hearing. Thus, based on the pleadings, motions, and supporting affidavits, the undersigned grants Plaintiffs' motion for summary judgment and awards $2,742.28 in attorney's fees and costs.

## I. FACTUAL AND PROCEDURAL HISTORY

The minor Plaintiff, AD, is a ten-year old child with Down syndrome. Complaint, at ¶ 9. AD is eligible for special education and related services pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* *Id.,* at ¶ 6. AD lives with his parents, SD and JD, in the Buncombe County School District, but has attended Asheville City Schools ("Defendant") as an out-of-district student since 1989. *Id.,* at ¶'s 10–11. Since AD was identified as a special needs child in 1989, Defendant has provided special education services to AD pursuant to Individualized Education Plans ("IEPs"). *Id.,* at ¶'s 12–15. AD has been placed at Isaac Dixon Elementary School as an out-of-district student since the 1994/1995 school year. *Id.,* at ¶ 18.

On November 17, 1998, Defendant and AD's parents developed a new IEP for AD, placing him at Isaac Dixon for the fifth consecutive year. *Id.,* at ¶ 19. The new IEP called for 9.25 hours per week of special education and related services. *Id.,* at ¶ 20. Soon thereafter, Defendant attempted to rescind AD's placement at Isaac Dixon. Answer, at ¶ 20.

AD's parents obtained counsel and, on January 4, 1999, filed a petition on AD's behalf for a contested case hearing under IDEA challenging Defendant's decision to rescind AD's acceptance. Complaint, at ¶ 22. By letter dated January 19, 1999, within 15 days of the filing of the petition, Defendant's counsel notified Plaintiffs that Defendant would not rescind AD's acceptance and that the November 1998 IEP would be fully implemented. Answer, at ¶ 20; **Exhibit A, Affidavit of Cynthia S. Lopez, *attached to* Defendant's Response to Plaintiffs' Motion for Summary Judgment [Defendant's Response], filed August 16, 1999, at ¶ 1.** The parties then negotiated a Confidential Settlement Agreement and Consent Judgment. Complaint, at ¶ 24. Pursuant to that agreement, filed on April 15, 1999, AD is entitled to remain at Isaac Dixon through the 1999–2000 school year. **Exhibit C, Confidential Settlement Agreement and Consent Judgment, *attached to* Plaintiffs' Motion for Summary Judgment [Plaintiffs' Motion], filed July 30, 1999, at ¶'s 1–2.**

During negotiations for the Confidential Settlement Agreement, Defendant was requested to pay Plaintiffs' legal fees. In a letter dated February 16, 1999, Mr. Paul Erickson, counsel for Plaintiffs, suggested Defendant pay $3,000. **Exhibit G, *attached to* Answer.** Mr. Erickson phoned the next day to indicate he had miscalculated the amount, which should have read $3,500. **Composite Exhibit B, Affidavit of Paul L. Erickson Regarding Settlement of Case, *attached to* Plaintiffs' Motion, at B–47, ¶'s 4–5.** Enclosed with the letter, Mr. Erickson provided Defendant with copies of Plaintiffs' account invoices which were current through February 15, 1999. **Exhibits D and E, *attached to* Answer.** The invoices indicated that Mr. Erickson had charged Plaintiffs for 13.75 hours of his time at $125 per hour,[1] 6.5 hours of legal assistant time at $25 per hour, and 3 hours of legal secretarial time at $18.75 per hour. *Id.* Mr. Erickson suggested in

---

1. Two hours of Mr. Erickson's time were billed at $200 per hour. **Exhibits D and E,** *attached to* **Answer.**

the February 16, 1999, letter that an additional 3 hours of work would likely be needed to conclude the settlement agreement. *Id.*, at Exhibit G.

After reviewing the invoices, Defendant made a counter-offer of $2,000 in attorney's fees in a letter dated March 5, 1999. *Id.*, at Exhibit F, at ¶ 4 (misnumbered as ¶ 2). The letter explained that Defendant objected to an unexplained previous balance of $810, the different hourly rates charged by Plaintiffs' counsel, and charges for billing and drafting fee agreements. *Id.* Defendant claims that Plaintiffs "summarily rejected" the $2,000 offer and "did not engage in further settlement discussions or negotiations." *Id.*, at 5.

Instead, on May 14, 1999, Plaintiffs filed this Complaint for attorney's fees, costs, litigation expenses, and prejudgment interest incurred in pursuing the underlying action. In the Complaint, Plaintiffs claim their attorney, The Law Firm of Paul L. Erickson, P.A., expended 58 hours pursuing the Plaintiffs' claims. In addition to 31 hours of Mr. Erickson's time, Plaintiffs claimed entitlement to 14.75 hours of legal assistant time and 12.25 hours of legal secretary time. Complaint, at ¶ 27. Plaintiffs contend the prevailing rate for special education legal work ranges between $175–$225 an hour for attorney's time; $25–$40 an hour for legal assistant time; and $18.75–$30 for legal secretarial time. *Id.*, at ¶ 28.

Defendant filed its Answer on July 6, 1999. On July 12, 1999, Defendant filed a motion for judgment on the pleadings, asserting that Plaintiffs did not submit adequate documentation of their legal expenses to substantiate their claims, thus requiring the dismissal of their Complaint. Plaintiffs filed a motion for summary judgment on July 30, 1999, which included additional documentation of their purported legal expenses as well as affidavits from various special education lawyers in support of their claims. In that motion, which is now before the Court, Plaintiffs seek a recovery of fees, costs and expenses in the amount of $8,016.55.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and judgment for the moving party is warranted as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The moving party has the initial burden to show a lack of evidence to support its opponent's case. *Id.*, at 798 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). If this showing is made, the burden then shifts to the nonmoving party, who must convince the Court that a triable issue does exist. *Id.* Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A "mere scintilla" of evidence will not suffice to defeat summary judgment. *Id.*

In considering the facts of the case for the purposes of a summary judgment motion, the Court views the pleadings and materials presented in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Where facts are in legitimate dispute, such disputes are resolved in favor of the nonmoving party. *Id.*, at 587, 106 S.Ct. 1348; *Nguyen v. CNA Corp.*, 44 F.3d 234, 237 (4th Cir.1995).

## III. DISCUSSION

■ The controlling statutory authority provides:

*(3) Jurisdiction of district courts; attorney's fees*

*(B) Award of attorney's fees*

In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents of a child with a disability who is the prevailing party.

20 U.S.C. § 1415(i)(3)(B) (1997). The plaintiff must be a prevailing party in order to recover attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.*, at 429, 103 S.Ct. 1933 (quoting S.Rep. No. 94–1011, p. 4 (1976)). Since Plaintiffs were successful in the underlying administrative action, and Defendant does not contest that Plaintiffs are a prevailing party under 20 U.S.C. § 1415(i)(3)(B), it is within the Court's discretion to award reasonable attorney's fees and costs to the Plaintiffs. When a fee award is warranted, the district court has substantial discretion in determining the amount of any such award. *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933. In determining reasonable attorney's fees, it is well-settled law in the Fourth Circuit that the district court must consider the twelve factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir.1974), although there is no strict manner in which the factors are to be considered or applied. *E.E.O.C. v. Service News Co.*, 898 F.2d 958, 965 (4th Cir.1990). The *Johnson* factors are as follows:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances;

(8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Service News*, 898 F.2d at 965 (quoting *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978)).[2]

The Supreme Court has explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. The product of reasonable hours multiplied by a reasonable hourly rate is known as the lodestar figure. When properly computed, the lodestar figure will normally reflect a reasonable fee. *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The party seeking attorney's fees bears the burden of documenting the appropriate hours expended and hourly rates. *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933.

The twelve *Johnson* factors are useful in determining the number of hours reasonably expended on the litigation and a reasonable hourly rate. *Daly v. Hill*, 790 F.2d 1071, 1075 (4th Cir.1986). In their motion for summary judgment, Plaintiffs argue that each of the twelve *Johnson* factors has been satisfied in their favor. However, only factors (3), (5), (9), and (12) bear directly on the determination of the prevailing market rate in this case. Likewise, only factors (1) and (2) are helpful in determining the reasonable number of hours worked. Factor (8), the degree of success obtained, is always relevant and

---

**2.** Of the twelve factors, the Supreme Court has indicated that the most important factor is the degree of success obtained by the plaintiff in the underlying case. *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (quoting *Hensley*, 461 U.S. at 436, 103 S.Ct. 1933).

the Court notes that Plaintiffs achieved a favorable result here. Therefore, despite the fact that Plaintiffs dutifully address all twelve *Johnson* factors in their brief, the Court finds that factors (4), (6), (7), (10), and (11) are not significantly implicated in this matter, as the underlying administrative action was a non-complex matter which settled quickly. Indeed the only significantly contested issue here seems to have been how much Plaintiffs would recover in attorney's fees.

### 1. Reasonable Hourly Rate

The first step in setting reasonable attorney's fees is to determine the appropriate hourly rate. *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir.1990). The controlling statutory authority provides guidance in determining the proper hourly rate:

> (C) *Determination of amount of attorney's fees*
>
> Fees awarded under this paragraph **shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.** No bonus or multiplier may be used in calculating the fees awarded under this subsection.

IDEA, 20 U.S.C. § 1415(i)(3)(C) (emphasis added). The Fourth Circuit has stated that "a reasonable rate of compensation is the prevailing market rate in the relevant community for similar services." *Craig v. Secretary, Dept. of Health & Human Servs.,* 864 F.2d 324, 328 (4th Cir.1989). The relevant community for similar services is "ordinarily the community in which the court where the action is prosecuted sits." *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 175 (4th Cir.1994) (citing *Nat'l Wildlife Fed'n v. Hanson,* 859 F.2d 313, 317 (4th Cir.1988)).

Plaintiffs seek an hourly rate of $175 for the legal services provided in the underlying administrative action. Plaintiffs provide the affidavit of their attorney, Mr. Erickson, which outlines his educational background and experience representing special education plaintiffs. Mr. Erickson, who spends 95% of his time dealing with special education matters, has billed over 4,000 hours in special education cases. **Composite Exhibit B, Affidavit of Paul L. Erickson Regarding Settlement of Case,** *attached to* **Plaintiffs' Motion, at B–47,** ¶'s 4–6. Mr. Erickson claims his standard hourly rate is $200. *Id.,* **Affidavit of Paul L. Erickson Regarding Fees, Costs, and Expenses, at B–1,** ¶ 13. Plaintiffs also provide four affidavits submitted by attorneys from across the state of North Carolina who purportedly practice special education law.[3] Each affidavit attests to Mr. Erickson's education and experience and claims that $175 is a reasonable hourly fee given the limited number of attorneys who practice special education law in North Carolina. Plaintiffs also cite to a judgment in *Kirkpatrick v. Lenoir County Bd. of Educ.,* 4:97–CV–168 (E.D.N.C.1997, Boyle, J.) where the Court found $175 to be a reasonable hourly rate in an IDEA case.

Again, the *Johnson* factors particularly relevant to determining a reasonably hourly rate here include: (3) the skill requisite to perform the legal service properly; (5) the customary fee; (9) the experience, reputation, and ability of the attorney; and (12) the awards in similar cases. Plaintiffs, through the affidavits submitted in support of their motion, have adequately demonstrated that special education law can involve complex issues which require skill to perform properly (*Johnson* factor 3), even though this particular matter settled almost immediately without need for a hearing. Plaintiffs have likewise established Mr. Erickson's experience and ability in the practice of special education law (*Johnson* factor 9). Defendant argues that Mr. Erickson is not an experienced special

---

3. See **Composite Exhibit A, Affidavits of Stacey Bawtinhimer, George (Pete) Clary, Chrisitine Odell DiNovo,** and **Marilyn Harmon** Stout, *attached to* **Plaintiffs' Motion, at A–1, A–11, A–14, A–17,** respectively.

education attorney and cite to *Erickson v. Bd. of Educ. of Baltimore County*, 162 F.3d 289 (D.Md.1998), *modified by Doe v. Bd. of Educ. of Baltimore County*, 165 F.3d 260 (4th Cir.1998), *cert. denied*, 526 U.S. 1159, 119 S.Ct. 2049, 144 L.Ed.2d 216 (1999), which describes Mr. Erickson as inexperienced in the practice of special education law. However, Plaintiffs have provided numerous affidavits from Mr. Erickson's colleagues which attest to his experience, knowledge, and reputation in the field of special education law. Looking as well at the degree of success obtained in the underlying administrative matter, this Court is satisfied that Mr. Erickson is sufficiently experienced.

But despite finding Mr. Erickson adequately experienced, this Court does not agree that $175 is the prevailing rate in the local community for similar legal services. Nor do the remaining *Johnson* factors the Court must consider, *i.e.*, the customary fee and awards in similar cases, support an award of $175 per hour. Defendant contends that Plaintiffs' request for $175 per hour for attorney's fees unreasonably exceeds the prevailing local rate. Defendant submitted the affidavit of its attorney, Cynthia Lopez, stating that the prevailing hourly rate for special education law in the Asheville area is $85–$125. **Exhibit A, Affidavit of Cynthia S. Lopez,** *attached to* **Answer,** at ¶ 4. Although Plaintiffs submitted four of their own affidavits which support an hourly rate of $175, Defendant argues that the affidavits provided by Plaintiffs are not representative of the prevailing local rate and therefore should not be considered by the Court.

Indeed, none of the affidavits submitted by Plaintiffs attest to the prevailing hourly rate in the legal community here in western North Carolina. Instead, they seek to establish a statewide rate for private attorneys representing plaintiffs in special education litigation. Likewise, the order in *Kirkpatrick* cited by Plaintiffs has nothing to do with the prevailing community rate in western North Carolina. In their motion for summary judgment, Plaintiffs cite four cases as authority allowing this Court to look outside the local community in determining a reasonable hourly rate.[4] However, this Court agrees with Defendant that those cases do not stand for the proposition suggested by Plaintiffs. Instead, the cases cited in Plaintiffs' motion all involve situations where a plaintiff is forced to seek an out-of-town attorney because legal services of like quality are unavailable in the local community. In such situations, the out-of-town attorney is not limited to the prevailing local rate and the Court may consider evidence which assists in determining a reasonable hourly rate for the out-of-town attorney.[5] Consequently, those cases cited in Plaintiffs' motion have no bearing on the matter at hand. Finding no authority which would allow the Court to rely on evidence concerning hourly rates outside the relevant local community, the Court declines to consider such evidence.

---

4. Those cases are *Johnson v. Sullivan*, 2 A.D. cases 719, 4 Nat. Disability Law Rep. ¶ 119 (D.Md.1993) (citing *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 317–18 (4th Cir.1988)) [Plaintiffs erroneously cited as *Johnson v. Sullivan*, 824 F.Supp. 1146 (D.Md.1991) (citing *Nat'l Wildlife Fed'n v. Hanson*, 864 F.2d 324, 328 (4th Cir.1989)) in their brief]; *Dale M. by Alice M. v. Board of Educ. of Bradley–Bourbonnais High School, Distr. No. 301*, 29 Indiv. with Disabilities Educ.L.Rep. 600, 601 (C.D.Ill. Dec. 9, 1998) (citing *Mr. & Mrs. W. v. Malito*, 1993 WL 764591, at *1 (C.D.Ill.1993)) and *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760,

769 (7th Cir.1982), *cert. denied*, 461 U.S. 956, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983).

5. The Fourth Circuit has recognized this exception in limited situations where a plaintiff is forced to seek out-of-town counsel. *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 317–18 (4th Cir.1988) **(holding that it may be appropriate to disregard the prevailing rate in the local community under such circumstances).** However, the instant matter involves a local attorney practicing in his own community and is thus distinguishable from *National Wildlife*.

Furthermore, the Court finds it unnecessary to look outside of the local community in determining a reasonable hourly rate for Mr. Erickson's legal services. Mr. Erickson lives in Asheville and practices law in Asheville and should be bound by the prevailing local rates in this community. Even if Mr. Erickson is the only attorney in western North Carolina who practices special education law, there is no indication that his practice is more difficult or requires greater skill, experience, or effort than any other complex form of litigation practiced here in western North Carolina.[6]

Defendant contends $85–$125 is the proper range for special education law in the local community, and that, based on Mr. Erickson's limited experience, he should be compensated in the $85–$100 range. Aside from Mr. Erickson's own affidavits,[7] and the billing reports which set his rate at $125 per hour, Defendant's affidavits are the only evidence before this Court which speaks to the prevailing rate in this community. Viewing the evidence in the light most favorable to the nonmovant, the Defendant, the Court is inclined to set the hourly rate in this range.

■ Plaintiffs argue that Defendant's information is misleading because it pertains to attorneys who defend special education cases, not to attorneys such as Mr. Erickson who take on greater risk by representing individual plaintiffs. Plaintiffs contend that attorneys working for the school systems are not only assured of being paid, but have an ongoing relationship with their clients which allows them to charge a lower rate. Although Plaintiffs present no direct evidence in support of these assertions, this Court agrees in principle with those arguments and therefore sets the reasonable hourly rate for Plaintiffs' legal services at $125 per hour for attorney's fees, $40 per hour for legal assistant time,[8] and $20 per hour for secretarial time. These rates are generous compared to the prevailing local rate here in Asheville and are appropriate given the level of success achieved by Plaintiffs.

## 2. Reasonable Number of Hours Expended

The second step in reaching the lodestar figure is for the Court to determine whether the number of hours expended on this case is reasonable. In determining the reasonable number of hours, the Court should address the first two *Johnson* factors and consider the time actually expended by counsel and the novelty or complexity of the issues involved. The Court may not simply accept as reasonable the number of hours reported by counsel. *Espinoza v. Hillwood Square Mut. Ass'n,* 532 F.Supp. 440, 446 (E.D.Va.1982). The fee applicant bears the burden of providing the Court with sufficient evidence to justify its request, *Hensley,* 461 U.S. at 437, 103 S.Ct. 1933, and the Court must exclude from the award any hours which were not reasonably expended. *Id.,* at 434, 103 S.Ct. 1933. Further, the Court is obligated to reduce the fee award if "the time spent or legal services furnished were excessive...." 20 U.S.C. § 1415(i)(3)(F)(iii).

6. The IDEA provides that when the court finds that "the amount of the attorney's fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience," the court will reduce the fee award accordingly. 20 U.S.C. § 1415(i)(3)(F)(ii).

7. In *addition to the attorney's own affidavit,* the fee applicant must produce "specific evidence of the 'prevailing market rates in the relevant community' for the type of work for which he seeks an award." *Spell v. McDaniel,* 824 F.2d 1380, 1402 (4th Cir.1987) (quoting *Blum,* 465 U.S. at 895 n. 11, 104 S.Ct. 1541).

8. Plaintiffs did provide an affidavit which stated that $40 was a reasonable hourly rate for legal assistants in Asheville. **Composite Exhibit A, Affidavit of John C. Cloninger,** *attached to* **Plaintiffs' Motion, at A–12, ¶ 4.** The Court adopts that amount.

The underlying administrative action was not a complex matter and the parties settled quickly. Plaintiffs do not suggest otherwise in their brief, but merely discuss the complexity of the practice of special education law in general. Nonetheless, Plaintiffs currently seek compensation for a total of 75.25 hours of legal work.[9] This amount is excessive and the Court is obligated to reduce it.

Defendant first contends that Plaintiffs provided inadequate documentation of the hours expended; thus, the complaint should be dismissed. Defendant cites *Smith v. Roher*, 25 Indiv. with Disabilities Educ.L.Rep. 441, 444 (D.C.Cir.1997), in support of the contention that Plaintiffs should have submitted detailed time records with their complaint. *Id.*, at 444. These records should further be verified by affidavits from the Plaintiffs' attorney. *Das v. McHenry School District # 15*, 20 Indiv. with Disabilities Educ.L.Rep. 979, 980 (N.D.Ill.1994). This Court agrees that sufficient documentation is necessary to allow the reviewing court to determine reasonable attorney's fees. Although the documentation provided by Plaintiffs may have been inadequate initially, the Court finds that Plaintiffs have since provided a complete account of the hours purportedly spent on Plaintiffs' behalf. These account invoices satisfy Plaintiffs' burden of production.

Defendant also asserts that the number of hours claimed by Plaintiffs is excessive, given the quick settlement in the underlying action. In particular, Defendant takes issue with the fact that Plaintiffs initially sought payment for approximately 23 hours of legal work in correspondence dated February 16, 1999.[10] **Exhibit G, *attached to* Answer.** At that point in time, Defendant had already agreed to settle the underlying action and to pay reasonable attorney's fees. Furthermore, Defendant

undertook the responsibility of drafting the settlement agreement in order to minimize the amount of additional time Plaintiffs would need to spend on the matter. **Lopez Affidavit *attached to* Defendant's Response, at ¶ 2.** After the settlement agreement was filed on April 15, 1999, Plaintiffs filed this Complaint on May 14, 1999, seeking compensation for a total of 58 hours, including 31 hours of Mr. Erickson's time.

■ Plaintiffs contend the quick settlement did not excuse them from preparing for the contested case hearing. However, the account invoices submitted by Plaintiffs reveal that no more than a few hours were spent in preparation for the administrative hearing. After thoroughly inspecting the account invoices and other submitted materials, the Court finds that the Plaintiffs' original account of hours expended was a reasonable amount for the legal work involved. In recognition of the additional time spent preparing for the contested case hearing and the effort required to conclude the settlement agreement, the Court awards an additional ten hours for a total of 35. Thus, Plaintiffs are entitled to compensation for 20 hours of Mr. Erickson's time; 10 hours of legal assistant time, and 5 hours of legal secretarial time. Multiplied by the reasonable hourly rates determined by this Court, Plaintiffs are entitled to $3,000 in attorney's fees.

### 3. Fees on Fees

Plaintiffs also seek to recover attorney's fees related to the fee petition. Time spent defending entitlement to attorney's fees is properly compensable in a § 1988 fee award. *Daly*, 790 F.2d at 1080 (citing *Hymes v. Harnett County Bd. of Educ.*, 664 F.2d 410, 413 (4th Cir.1981)). However, the Supreme Court has noted that "a request for attorney's fees should not re-

---

**9.** Note that some of this time is related to Plaintiffs' fee petition, which is discussed *infra*.

**10.** Mr. Erickson also indicated that about 3 additional hours would be necessary to complete the settlement agreement.

sult in a second major litigation." *Hensley,* 461 U.S. at 437, 103 S.Ct. 1933. Defendant does not dispute that under IDEA a prevailing party is generally eligible to recover attorney's fees related to a fee petition. However, Defendant contends that these Plaintiffs are not entitled to such a recovery because they unreasonably protracted the resolution of this controversy by failing to act responsibly in attempting to reach a settlement on attorney's fees.

The controlling statutory authority provides that whenever the Court finds that "the parent, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy, ... the court shall reduce, accordingly, the amount of the attorney's fees awarded under this section." 20 U.S.C. § 1415(i)(3)(F)(i). This rule applies equally to protraction in the recovery attorney's fees, not just to protraction in the underlying hearing. *Jason D.W. v. Houston Indep. School Dist.,* 158 F.3d 205, 212 (5th Cir.1998).

In *Jason D.W.,* the Fifth Circuit cited 20 U.S.C. § 1415(e)(4)(F)(i) [now § 1415(i)(3)(F)(i) ] in affirming the district court's decision to cut off attorney's fees for the prevailing party for unreasonably protracting the final resolution of the controversy by not accepting a settlement offer. *Id.* at 211. The prevailing party in *Jason D.W.* demanded over $32,000 in attorney's fees and rejected settlement offers of $7,500 and $10,000, instead filing a fee petition in federal district court. *Id.* at 207. The district court found that Jason D.W., the prevailing party, had protracted the litigation by failing to reach settlement of the attorney's fees issue. Accordingly, the court refused to award attorney's fees beyond the date of the $10,000 settlement offer. In affirming the decision, the Fifth Circuit stated that "the protraction provision applies to any action that hinders the 'final resolution in the controversy.'" *Id.* at 211 (citing 20 U.S.C. § 1415(e)(4)(F)(i)). Furthermore, the court disagreed with the prevailing party's contention that "failing to accept a settlement offer during the fee collection process does not constitute protraction." *Id.* at 216.

■ This Court finds the instant matter similar to *Jason D.W.* and reaches the same conclusion, finding that the Plaintiffs are not entitled to attorney's fees related to the fee petition. Defendant submitted a written offer to Plaintiffs to settle their dispute over the appropriate *amount* of attorney's fees. Defendant further stated the reasons why its offer of $2,000 differed from Plaintiffs' request for $3,500—primarily due to a lack of adequate documentation or explanation concerning the legal services purportedly provided. Plaintiffs did not respond by producing more complete records, providing explanations for the charges sought, making a counter-offer, or entering any kind of negotiations whatsoever. Instead, Plaintiffs filed this claim seeking over $8,000 in attorney's fees and costs.

Plaintiffs argue that the court in *Jason D.W.* did not specifically find that the prevailing party had protracted the litigation. Although this Court disagrees, the point is irrelevant because the Fifth Circuit did indicate that a prevailing party can protract litigation by failing to accept a settlement offer during the fee collection process. *Jason D.W.,* 158 F.3d at 206. Plaintiffs further argue that their original "discounted" settlement offer and their decision not to pursue a full evidentiary hearing in this matter suggest they were not protracting the controversy. This Court finds those arguments unconvincing. Plaintiffs unreasonably protracted the final resolution of this controversy by refusing to follow up on Defendant's offer of $2,000 in any meaningful way. Consequently, Plaintiffs are not entitled to recover fees or costs associated with the fee petition.

### 4. Litigation Expenses

■ A prevailing party is entitled to compensation for litigation expenses rea-

sonably incurred in preparation of the case. *Daly,* 790 F.2d at 1084. Such expenses include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client in the course of providing legal services." *Spell,* 852 F.2d at 771 (quoting *Northcross v. Bd. of Educ. of Memphis City Sch.,* 611 F.2d 624, 639 (6th Cir. 1979)).

In *Johnson v. Sullivan,* a case involving a petition for attorney's fees under the Rehabilitation Act of 1973, the district court noted that it had "committed an error of law in disallowing plaintiff to recover compensation for her litigation expenses." 2 A.D. cases 719, 4 Nat. Disability Law Rep. ¶ 119 (D.Md.1993). In ruling on a motion for reconsideration, the district court cited both *Daly* and *Spell* in awarding reasonable litigation expenses including telephone, postage, and copying charges. *Id.,* at 11. The court specifically noted that plaintiff's counsel routinely charged clients separately for litigation expenses and did not incorporate those expenses into their hourly rate. Accordingly, plaintiffs could recover reasonable litigation expenses which might otherwise be considered overhead. *Id.*

Defendant originally argued in its motion for judgment on the pleadings that Plaintiffs were not entitled to recover overhead expenses such as photocopying, postage, and long distance. However, in its response to Plaintiffs' motion for summary judgment, Defendant recognized that a prevailing plaintiff may recover such expenses under *Daly.*[11] Instead, Defendant asserts that the litigation expenses in this matter should be incorporated as part of the hourly rate for secretarial services, and therefore are not recoverable. Defendant cites no authority for this proposition

and this Court will rely on the law as stated in *Spell* and *Daly.*

In this case, Plaintiffs have provided an affidavit from their counsel, Mr. Erickson, stating that he normally bills litigation expenses to clients separately and does not include them as part of an hourly rate. **Composite Exhibit B, Erickson Affidavit Regarding Settlement of Case,** *attached to* **Plaintiffs' Motion, at B–47, ¶ 13.** This assertion is supported by the Time and Expense Report which clearly sets out these expenses separately. *Id.,* at B–13. Having reviewed the relevant expense reports and found the amounts reasonable, Plaintiffs are entitled to recover the litigation expenses incurred during the settlement of the underlying administrative action. However, for the reasons stated above in denying attorney's fees for unreasonable protraction of the controversy, Plaintiffs may not recover for litigation costs associated with the fee petition. Thus, Plaintiffs will only recover for costs incurred prior to April 15, 1999, the date the settlement agreement was entered and finalized. The Court therefore awards Plaintiffs $ 46.98 in litigation expenses.[12] This brings Plaintiffs' award to $3,046.98.

### 5. Reduction in Attorney's Fees Warranted

Once the lodestar determination has been made, the Court must determine whether the circumstances warrant an adjustment of the lodestar. *Daly,* 790 F.2d at 1078. Where the plaintiff has blatantly overreached, a downward adjustment in the lodestar is warranted. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. This Court agrees completely with the opinion issued by the district court in *Minick v. Board of Trustees of Prince George's Community College,* Civil No. JFM–84–2183 (D.Md. 1987, Motz, J.) which stated:

---

**11.** This Court recognizes Defendant's error in relying on *Starnes v. Hill,* 589 F.Supp. 341, 347 (W.D.N.C.:1984), and *Spell v. McDaniel,* 852 F.2d 762, 770–771 (4th Cir.1988), in support of its argument.

**12.** This amount reflects the $217.40 requested by Plaintiffs minus the litigation costs incurred after April 15: 3 long distance calls at $3.00 each, $2.42 in postage, $4.00 for copying, $150 filing fee, and $5.00 service fee.

"It is essential that a District Judge possess and—in appropriate cases—exercise the power to impose a penalty upon prevailing counsel for submitting an excessive fee request. First, the attempt to recover excessive fees is unethical. If, when presented with an excessive request for fees, a Court simply awards those fees which are proper, it has implicitly condoned unethical conduct and encourages such conduct in the future."

*Johnson v. Sullivan,* 4 Nat. Disability Law Rep. ¶ 119, at 8 (**quoting Judge Motz in adjusting the lodestar downwards 25% to sanction the prevailing plaintiff for overreaching in the recovery of attorney's fees under IDEA**).

In this case, Defendant specifically takes issue with the significant increase in fees requested by Plaintiffs between their initial settlement offer and the complaint filed May 14, 1999. Plaintiffs initially attempted to recover $3,500 in attorney's fees and costs through the February 16, 1999, letter and follow-up telephone call. At that time, Plaintiffs sought compensation for 23.25 hours of work at rates of $125 an hour for attorney's fees, $25 an hour for legal assistant time, and $18.75 an hour for secretarial time. Plaintiffs and Defendant had already agreed in principle to settle the underlying action and that Defendant would pay reasonable attorney's fees. The only real issue in dispute was the amount. However, after refusing to negotiate Defendant's counter-offer of $2,000, Plaintiffs filed this complaint seeking a significantly greater number of hours at higher hourly rates of $175 for attorney's fees, $40 for legal assistant time, and $30 for secretarial time.[13]

| Plaintiffs' Requests | Initial Offer Feb. 16, 1999 | Fee Petition May 14, 1999 | Motion SJ July 30, 1999 |
| --- | --- | --- | --- |
| Attorney time: | 13.75 | 31 | 36 |
| Legal Assistant time: | 6.5 | 14.75 | 22.5 |
| Legal Secretary time: | 3 | 12.25 | 16.75 |
| Totals: | 23.25 | 58 | 75.25 |

This Court finds that Plaintiffs have overreached by seeking excessive attorney's fees in a simple matter in which the Defendant settled with little resistance and quickly agreed to pay a reasonable amount of attorney's fees. Consequently, this Court will adjust the lodestar downward by ten percent ($304.70) to sanction Plaintiffs for overreaching and deter such overreaching in the future. Thus, Plaintiffs award of $3,046.98 is reduced to $2,742.28.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that for the reasons stated herein, Plaintiffs' motion for summary judgment is **GRANTED,** and Defendant's motion for judgment on the pleadings is **DENIED.** A Judgment awarding Plaintiffs attorney's fees is filed herewith.

13. Plaintiffs claim the rates stated in the February letter were "discounted" in an effort to reach settlement. Although Plaintiffs have made numerous mention of this "discounted rate" in their motion for summary judgment, no mention of this discount was made in the request for fees in February.